IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOC PERFORMANCE PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY TECHNOLOGY CORPORATION, <br><br> Defendant. | CIVIL ACTION <br> NO. 19-4606 |

## MEMORANDUM OPINION

**Schmehl, J. /s/ JLS**                                                                                  **April 7, 2020**

### I.     INTRODUCTION

Plaintiff, Loc Performance Products, Inc. ("Loc") brings this action against Fidelity Technology Corporation ("FTC") for breach of contract. Fidelity has moved to dismiss Plaintiff's Complaint based upon the existence of a forum selection clause in the parties' contract. For the reasons that follow, I will grant Fidelity's motion and dismiss Loc's Complaint.

### II.     BACKGROUND AND STATEMENT OF FACTS

Loc alleges that FTC breached a contract between the parties under which Loc provided component products to FTC, which allowed FTC to finish and deliver these products to the United States Army Contracting Command, pursuant to FTC's Government Contract.

FTC is based in Reading, Pennsylvania and provides goods and services to the United States Department of Defense. In order to complete its Government contracts, FTC subcontracts with numerous suppliers to provide component products, including

Loc. FTC and its subcontractors enter into agreements pursuant to FTC's General Terms and Conditions of Purchase and Quality Clauses QA 105-09 (the "Contract"). *See* Compl. Ex. A. Among other provisions, the General Terms and Conditions of Purchase contains a section titled "Disputes and Governing Law," containing choice of law and forum selection provisions. *Id.* § 7. Section 7 states that FTC and its suppliers agree to litigate any disputes they may have "in accordance with the law of the Commonwealth of Pennsylvania . . . in the courts of Berks County, Pennsylvania." *Id.* § 7(b).

Section 1 of the Contract's General Terms and Conditions of Purchase, titled "Acceptance of Purchase Order," reads as follows:

> Agreement by [Loc] to furnish the materials, and products ("goods") or services, including the products resulting from services hereby ordered, or its commencement of such performance or acceptance of any payment, shall constitute [Loc's] unqualified acceptance of this Purchase Order subject to these terms and conditions.

Compl. Ex. A, § 1. Section 1 also provides an integration clause stating that "these terms and conditions, together with any referenced exhibits, attachments or other documents [i.e.–the Contract], constitute the entire agreement between the Parties with respect to the subject matter of this Purchase Order . . . ." *Id.*

Over the course of approximately four (4) years, Loc manufactured and delivered component products to FTC, who paid Loc pursuant to terms of the Contract. In 2018, FTC became aware that the Government was considering terminating its Government Armor Kit Contract. On March 21, 2019 U.S. Army Contracting Command sent FTC a notice of termination of the Government Armor Kit Contract.

Thereafter, Loc initiated this action by filing its Complaint in this Court on October 3, 2019. Loc alleges that FTC breached its Contract by failing to receive shipments of

products, failure to pay for product Loc manufactured that was not received by FTC, and failure to pay Loc to store this undelivered product. Compl. ¶ 35. Loc also asserts a claim for the balance of product Loc manufactured that FTC did not receive. Compl. ¶¶ 41–42. Additionally, Loc asserts claims for "account stated" and unjust enrichment. Compl. ¶¶ 37–46.

### III. LEGAL STANDARD

The Supreme Court has held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atlantic Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 60 (2013). "[W]hen the parties' contract contains a valid forum-selection clause, [it] 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine*, 571 U.S. at 63 (*citing Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "[F]orum-selection clauses should control except in unusual cases." *Id.* at 65.

Additionally, the Third Circuit has held that dismissal under Rule 12(b)(6) is also a proper way to enforce a forum selection clause. *See Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 297 (3d Cir. 2001); *Wolfe v. TBG Ltd.*, 2014 WL 325637, at *2 (E.D. Pa. Jan. 28, 2014). Under both forum non conveniens and Rule 12(b)(6), the non-moving party bears an "exacting burden of proof and persuasion in" defeating a motion to dismiss predicated upon a forum selection clause. *Plutus I, LLC. v. Itria Ventures, LLC.*, 2018 WL 4939282, at *4 (M.D. Pa. Sept. 24, 2018), report and recommendation adopted sub nom. *Plutus I, LLC v. Itria Ventures, LLC*, 2018 WL 4934072 (M.D. Pa. Oct. 11, 2018).

Rule of Civil Procedure 12(b)(6) requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.*

III. **DISCUSSION**

    **A. The Forum Selection Clause is Valid**

Forum selection clauses are considered "prima facie valid" and are commonly upheld by federal courts. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991). As discussed above, the Contract's General Terms and Conditions stated that by furnishing materials to and accepting payment from FTC, a party accepts the relevant Purchase Order subject to the terms and conditions. By providing goods to FTC and accepting payment from them over the course of several years, Loc clearly accepted the terms and conditions of FTC's purchase orders and should be bound by them.

Loc argues that "Fidelity has not set forth that the General Terms and Conditions of Purchase, containing the forum selection clause, are applicable to this matter." Brief in Opposition ("Opp. Br.") at 5. However, Loc's Complaint is based entirely on the "Contracts" between Loc and FTC. *See* Compl. ¶¶ 10, 31-36. In the Complaint, Loc defined the Contracts as "[t]he purchase orders, General Terms and Conditions of Purchase, and Quality Clauses QA 105-09," which were attached as Exhibit A to the Complaint. Compl. ¶ 10, Ex. A. Loc further admits that: "Loc and Fidelity had a valid and binding contract, which included each individual [purchase order] issued under the Contracts," Compl. ¶ 32; and "[t]he Contracts were supported by adequate consideration." *Id.* ¶ 33. Based upon the averments contained in its Complaint, Loc accepted and agreed to the General Terms and Conditions of Purchase set forth by FTC.

As such, there is no dispute that the Contracts—including the General Terms and Conditions of Purchase and the forum selection clause – are valid and binding on Loc.

### B. The Forum Selection Clause Requires Litigation in the Courts of Berks County

As a matter of contract interpretation, when a contract term refers to the courts "of" a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated. *Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*, 2010 WL 3199886, at *6 (D.N.J. Aug. 12, 2010); *Doe 1 v. AOL, LLC,* 552 F.3d 1077, at *11 (9th Cir.2009); *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.,* 428 F.3d 921, 926 (10th Cir.2005); *Dixon v. TSE Int'l Inc.,* 330 F.3d 396, 398 (5th Cir.2003); *LFC Lessors, Inc. V. Pac. Sewer Maint. Corp.,* 739 F.2d 4, 7 (1st Cir.1984). Numerous circuit courts have adopted "the widely-accepted rule that 'in a state' expresses the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state." *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 549 (3d Cir. 2011) (quoting *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010)); *see also Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011) (concluding that "[b]ecause the clause uses the preposition 'in,' the contract contemplates federal as well as state courts as proper courts for adjudication"); *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008) ("[T]he clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county."). "On the other hand, 'of a state' connotes sovereignty, limiting jurisdiction to the state courts of the named state." *Merrill Lynch*, 640 F.3d at 549; *see also Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d at 924, 926 (10th Cir. 2005)

5

(concluding that where the agreement stated that the parties "hereby submit to the jurisdiction of the [c]ourts of the State of Colorado" the "agreement designate[d] the Colorado state court system as the forum for resolution of disputes arising out of the contract, and does not include the federal district court"); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam) ("Federal district courts may be *in* Texas, but they are not *of* Texas."); *Cottingham & Butler Claim Servs., Inc. v. Conduent Car Sols., LLC*, 2018 WL 1762737, at *2 (N.D. Iowa Apr. 12, 2018) (finding that forum selection clause stating litigation is restricted to "courts of the State of Iowa" limits litigation to state courts, not federal court).

Therefore, the courts "of Berks County" can refer only to Pennsylvania state courts located in Berks County and must exclude the United States District Court for the Eastern District of Pennsylvania, which is based in Philadelphia County and has a station in Berks County. Although the United States District Court for the Eastern District of Pennsylvania is arguably a court *in* Berks County, it is not a court *of* Berks County; it is a court of the United States. *See Sahara Sam's Oasis*, 2010 WL 3199886 at *6; *Zenergy, Inc. v. Novus Operating Co.,* 2007 WL 1160327, *1 (N.D.Okla. April 17, 2007). Thus, because the contract between Loc and FTC identifies Berks county state courts as the exclusive forum for litigating claims arising from the contract, allowing this matter to remain in federal court would be improper. Accordingly, I will grant FTC's motion and dismiss the Complaint.

IV. **CONCLUSION**

For all the reasons set forth above, Loc's action against FTC can only proceed in state court. Accordingly, I will grant FTC's motion and dismiss the complaint.